UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:22-cv-01150-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE, WITHOUT PREJUDICE<br><br>(ECF No. 9) |

Allan Fletcher ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his legal mail is being opened pursuant to rules and regulations promulgated and/or enforced by Defendants.

On March 3, 2023, Plaintiff filed a motion to consolidate (ECF No. 9), which is now before the Court. Plaintiff alleges that he was made aware of a similar case also proceeding in the Eastern District that was filed by another civil detainee, Patrick Neill.[1] Plaintiff alleges both cases involve the same defendants unlawfully opening clearly marked legal mail outside the plaintiff's presence. Both cases also involve the same policy and regulations that were used to justify opening the legal mail outside of the plaintiff's presence. Plaintiff argues that the cases should be consolidated because both cases present substantially similar factual and legal issues

---

[1] The Court grants Plaintiff's request for judicial notice of Neill v. Department of State Hospitals, E.D. CA, Case No. 1:22-cv-01010, for the purpose of determining whether the cases should be consolidated.

1

and both cases are in the same procedural stage.  In support of his motion Plaintiff submits a declaration from Patrick Neill, who states that he agrees that the cases should be consolidated. (<u>Id.</u> at 8).

    Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1)    join for hearing or trial any or all matters at issue in the actions;
>
> (2)    consolidate the actions; or
>
> (3)    issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

    The decision of whether to consolidate cases under Rule 42 is within the broad discretion of the Court.  <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions.").  In determining whether to consolidate actions, the Court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."  <u>Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

    The Court has reviewed the cases, and there are strong similarities between them. However, actions involving multiple plaintiffs proceeding *pro se* in which one or more of the plaintiffs are detained can present procedural problems and can cause delay and confusion. Moreover, the defendants have not yet appeared in either case and thus are not yet able to weigh in on the benefits and disadvantages of consolidation.  Therefore, the Court will deny Plaintiff's motion, without prejudice to Plaintiff or Defendant(s) filing a motion to consolidate at a later stage of the proceedings.

    Accordingly, IT IS ORDERED that Plaintiff's motion to consolidate (ECF No. 9) is DENIED without prejudice.
IT IS SO ORDERED.

Dated:  **March 16, 2023**        /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE