# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>Defendant(s). | Case No. 1:22-cv-01150-EPG (PC)<br><br>**ORDER REQUIRING STATEMENTS FROM PARTIES REGARDING SCHEDULE AND DISCOVERY**<br><br>**THIRTY (30) DAY DEADLINE** |

The Court has screened Plaintiff's complaint and has ordered the case to proceed. Before scheduling this case, the Court will require each party to submit a statement regarding the schedule and discovery matters.

The statements regarding the schedule and discovery shall be filed within thirty days from the date of service of this order. They should be filed with the Court, titled "SCHEDULING AND DISCOVERY STATEMENT," and include the name of the party filing the statement. They shall address all of the following issues:

    i.    A brief summary of the parties' claims and/or defenses.

    ii.    The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial.

    iii.    A description by category and location of all documents the party may use at trial.

       iv.    Whether any third parties, other than Department of State Hospitals, Coalinga, are likely to have relevant documents.

       v.    Whether the party intends to use expert witnesses.

       vi.    If a settlement conference has not occurred, when the party will be prepared to participate in a settlement conference.

Defendant(s)' Scheduling and Discovery Statement shall also address all of the following issues:

       vii.    Whether a third party subpoena directed at Department of State Hospitals, Coalinga, will be necessary to obtain relevant documents.

       viii.    Whether Defendant(s) intend to challenge the issue of exhaustion and, if so, when Defendant(s) will be ready to file a motion for summary judgment regarding the issue of exhaustion.

       ix.    Whether witness statements and/or evidence were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[1]

       x.    Whether there are any video recordings or photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).

       xi.    Whether Defendant(s) intend to argue that Defendant(s) are not properly named because they are not the individual(s) responsible for the action(s) described in the complaint (*i.e.*, someone else did or is responsible for the action(s) alleged in the complaint).

\\\

\\\

\\\

---

[1] *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

Finally, any party may also include any information that the party believes would assist in discovery and/or scheduling the case.

IT IS SO ORDERED.

Dated:  **July 13, 2023**                         /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE